## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAFOYA L. SUTTON, SR., | DOCKET NUMBER |
| Appellant, | DC-0841-22-0513-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: April 23, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Tafoya L. Sutton, Sr., Alexandria, Virginia, pro se.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the alleged error by the Office of Personnel Management (OPM) in calculating the amount he needed to deposit to obtain credit for military service. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant filed an application with OPM for immediate retirement under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 4 at 6-7. OPM denied the appellant FERS retirement credit for his military service in a reconsideration decision dated November 30, 2021. IAF, Tab 1 at 16. He appealed that decision to the Board. *Sutton v. Office of Personnel Management*, MSPB Docket No. DC-0842-22-0118-I-1, Initial Decision (Feb. 3, 2022). OPM rescinded the decision, and an administrative judge dismissed the appeal for lack of jurisdiction. *Id.* at 2. In doing so, she relied on OPM's statement that it would issue the appellant a new reconsideration decision "with due process." *Id.*; *Sutton v. Office of Personnel Management*, MSPB Docket No. DC-0842-22-0118-I-1, Initial Appeal File, Tab 6.

By letter dated June 27, 2022, OPM advised the appellant that he needed to pay $8,132.87 to obtain credit for his prior military service. IAF, Tab 1 at 8-9. The letter did not notify the appellant of how to request reconsideration or of his right to appeal to the Board. *Id.* The appellant filed the instant appeal alleging that OPM erred in calculating the amount he needed to deposit to obtain credit for his military service. IAF, Tab 1. The administrative judge issued an order to the parties to address the Board's jurisdiction over the appeal, advising them that the record on jurisdiction would close in 20 days. IAF, Tab 3. The appellant submitted a timely response. IAF, Tab 4. The agency did not. Instead, after the record on jurisdiction closed, it requested an extension of time.[2] IAF, Tabs 5-6.

---

[2] The administrative judge did not issue a ruling on the agency's motion. Because the initial decision was issued on the same day the agency's motion was submitted, it appears that the administrative judge did not receive the agency's motion before issuing her initial decision. IAF, Tab 7, Initial Decision at 1, Tabs 5-6.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 7, Initial Decision (ID) at 1, 5. She reasoned that the June 27, 2022 letter was not a reconsideration decision. ID at 3-5. To the extent that the appellant sought to appeal the November 30, 2021 reconsideration decision, the administrative judge noted that the decision had been rescinded, and that the June 27, 2022 letter came to a different conclusion. ID at 4-5. She further reasoned that the June 27, 2022 letter did not imply that OPM would not reconsider its determination of the deposit amount upon the appellant's request to do so. ID at 4.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1-2. On review, he again disagrees with the amount OPM indicated he needed to pay for his military service credit. PFR File, Tab 1 at 5-6. OPM has submitted a pro forma response stating only that the appellant has not met the criteria for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over appeals from final decisions of OPM in administering retirement benefits under FERS. *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶ 8 (2006); *see* 5 U.S.C. § 8461(e)(1) (stating that "an administrative action or order affecting the rights or interests of an individual" under FERS may be appealed to the Board).[3] An applicant may request a final decision from an OPM decision advising him of his right to request reconsideration. 5 C.F.R. §§ 841.305(a), 841.306(a), (e). Generally, a final decision "must be in writing, must fully set forth the findings and conclusions of

---

[3] The administrative judge erroneously cited to regulations relevant to establishing jurisdiction over a retirement matter under the Civil Service Retirement System (CSRS). ID at 3. But this error did not impact the administrative judge's analysis. The applicable laws and regulations under both FERS and CSRS require the issuance of a final decision by OPM for the Board to have jurisdiction over a retirement matter. *Compare* 5 U.S.C. § 8461(e), *and* 5 C.F.R. § 841.308, *with* 5 U.S.C. § 8347(d), *and* 5 C.F.R. § 831.110.

the reconsideration, and must contain notice of the right to request an appeal" with the Board. 5 C.F.R. § 841.306(e). However, when OPM does not inform an appellant of his right to request reconsideration of its decision and does not state its intent to issue a reconsideration decision in its submissions to the Board, the Board will not require a final decision as a prerequisite for Board review. *Powell v. Office of Personnel Management*, 114 M.S.P.R. 580, ¶ 9 (2010); *see Scallion v. Office of Personnel Management*, 72 M.S.P.R. 457, 461 (1996) ("[T]he absence of a reconsideration decision does not preclude Board review of a retirement decision when OPM fails to advise the appellant of his right to request a reconsideration decision and does not intend to issue any further decision on the appellant's application.").

OPM's June 27, 2022 letter directed the appellant regarding how to pay his $8,132.87 service deposit if he chose to do so. IAF, Tab 1 at 8-9. The letter did not advise him of his right to either request reconsideration from OPM or appeal to the Board, stating only "[i]f you have any questions or need further assistance, please let us know." *Id.* Further, OPM did not state during the proceedings below, and has not indicated on review, that it intends to issue a final decision. In fact, OPM has made no substantive response to the appellant's claims. Accordingly, we find that OPM's June 27, 2022 letter constitutes an appealable final decision and that the Board has jurisdiction to consider the merits of the appellant's claim.

We therefore remand this appeal for adjudication on the merits.

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.